<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL III</td></tr>
<tr><td>LUIS ÁNGEL CARRIÓN GALARZA<br><br>Recurrido<br><br>V.<br><br>LILLIAM VELÁZQUEZ REYES<br><br>Peticionaria</td><td>TA2026CE00244</td><td>*Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Caguas<br><br>Caso Núm.: CG2026MU00049<br><br>Sobre: Ley sobre Controversias y Estados Provisionales de Derecho</td></tr>
</table>

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de febrero de 2026.

Comparece la señora Lilliam Velázquez Reyes (señora Velázquez Reyes o peticionaria) en solicitud de que se revise una *Resolución Final* emitida y notificada el 29 de enero de 2026 por el Tribunal de Primera Instancia, Sala Municipal de Caguas (TPI). En dicho dictamen, el foro primario dispuso que la peticionaria debía disponer de sobre cien (100) gatos, mediante traslado a albergue, santuario, refugio u adopción, dentro de treinta (30) días, entre otras medidas.

El tribunal recurrido apercibió que el dictamen constituía un estado provisional de derecho al amparo de la *Ley sobre Controversias y Estados Provisionales de Derecho*, Ley Núm. 140 de 23 de julio de 1974, según enmendada, 32 LPRA sec. 2871 *et seq.,* con vigencia de seis (6) meses o hasta que un tribunal con jurisdicción y competencia dispusiera otra cosa. Asimismo, indicó que la resolución era inapelable, no constituía cosa juzgada y no impedía la presentación de acciones ulteriores daños y perjuicios u otros derechos.

Por los fundamentos que se exponen a continuación, se adelanta la desestimación y el archivo del recurso por ser inapelable.

Se prescinde de la comparecencia de las partes con interés, a fin de lograr un despacho justo y eficiente. Véase Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 217 DPR __ (2025).

## I.

### A. Jurisdicción

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020). En ausencia de jurisdicción, cualquier dictamen emitido es nulo. *Allied Mgmt. Group v. Oriental Bank, supra*, pág. 386. Cuando un tribunal carece de jurisdicción, debe desestimar el recurso sin considerar sus méritos. *Íd.* Conforme a la Regla 83 del *Reglamento del Tribunal de Apelaciones, supra*, R. 83, este Tribunal puede, a iniciativa propia o petición de parte, desestimar un recurso por falta de jurisdicción.

### B. *Ley sobre Controversias y Estados Provisionales de Derecho*

La *Ley sobre Controversias y Estados Provisionales de Derecho, supra*, establece un procedimiento de ley rápido, económico y eficiente para la adjudicación provisional de controversias ante las salas muncipales, incluyendo aquellas relacionadas con la crianza de animales en distritos residenciales.

El Artículo 5 de la referida ley, supra, sec. 2875, dispone que una orden que fija un estado provisional de derecho es inapelable y no constituye cosa juzgada, ni impide la tramitación ulterior de reclamaciones por daños y perjuicios u otros derechos. Asimismo, la propia ley establece que, una vez se presente la acción ordinaria correspondiente, el tribunal con competencia podrá, de forma interlocutoria y previa audiencia, enmendar o dejar sin efecto la orden si se demuestra error craso o circunstancias extraordinarias que lo justifiquen. Art. 6 de la *Ley sobre Controversias y Estados Provisionales de Derecho, supra*, sec. 2876.

**II.**

En el caso de marras, nos encontramos ante una controversia inapelable. El recurso se presentó para impugnar un dictamen emitido al amparo de la *Ley sobre Controversias y Estados Provisionales de Derecho, supra,* el cual fijó un estado provisional de derecho respecto a la tenencia de animales en un distrito residencial.

No obstante, el propio estatuto dispone expresamente que este tipo de dictamen es inapelable. En consecuencia, este Tribunal carece de jurisdicción para revisar el recurso presentado por la señora Velázquez Reyes. El remedio disponible para la parte inconforme es la presentación de la acción ordinaria correspondiente ante el Tribunal de Primera Instancia, dentro de la cual podrá solicitar, de concurrir los criterios legales, la modificación o que se deje sin efecto la resolución dictada al amparo de la *Ley sobre Controversias y Estados Provisionales de Derecho, supra.*

Al tratarse de un recurso que impugna una determinación que por mandato expreso de ley no es susceptible de apelación, procede su desestimación y archivo por falta de jurisdicción.

**III.**

Por las razones que anteceden, se desestima y se archiva el recurso, por falta de jurisdicción.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones